**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

In re:

       PATRICIA C. PALOUMPIS,
               Debtor.

Chapter 7
Case No. 22-09680
Hon. Timothy A. Barnes

## NOTICE OF MOTION

TO: See attached list

PLEASE TAKE NOTICE that on October 12, 2022, at 9:00 a.m., I will appear before the Honorable Timothy Barnes, or any judge sitting in that judge's place, and present the motion of Byline Bank for Relief from the Automatic Stay, a copy of which is attached.

**This motion will be presented and heard electronically using Zoom for Government**. No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

**To appear by video**, use this link: https://www.zoomgov.com/. Then enter the meeting ID and password.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode. **When prompted identify yourself by stating your full name**.

**Meeting ID and password**. The meeting ID for this hearing is 161 329 5276 and the password is 433658. The meeting ID and password can also be found on the judge's page on the court's web site. To reach Judge Barnes' web page go to www.ilnb.uscourts.gov and click on the tab for Judges.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

1

## **CERTIFICATE OF SERVICE**

    I, Andrew H. Eres, certify that I served a copy of this Notice and the attached Motion on each person/entity shown on the attached list at the address shown and by the method indicated on the list on September 28, 2022, before 5:00 p.m.

                                              By: /s/ Andrew H. Eres
                                                     One of Its Attorneys

Andrew H. Eres (ARDC 6237032)
aeres@dickinson-wright.com
Dickinson Wright PLLC
55 West Monroe Street, Suite 1200
Chicago, Illinois 60603
(312) 641-0060

2

## Service List

**Electronic Notice Sent Through the ECF System:**

Norman B. Newman, Trustee – nnewman@sfgh.com

Patrick S. Layng, U.S. Trustee's Office – USTPRegion11.ES.ECF@usdoj.gov

Justin R. Storer, Debtor's Attorney – jstorer@factorlaw.com

**Additional Notice Sent by First Class US Mail:**

Patricia C. Paloumpis
10150 Hyacinth Drive
Orland Park, IL 60462-3046

American Express
P.O. Box 0001
Los Angeles, CA 90096-8000

ATI Physical Therapy
33204 Collection Center Dr.
Chicago, IL 60693-0001

BREG, Inc.
Mailstop 23103573
PO Box 660535
Dallas, TX 75266-0535

Consumers Credit Union
1075 Tri State Parkway
Gurnee, IL 60031-9182

Encore Anesthesia Group
PO Box 809083
Chicago, IL 60680-9083

Homer Glen Open MRI
20855 S. LaGrange Rd., Ste. 201
Frankfort, IL 60423-2041

JPMCB
PO Box 15369
Wilmington, DE 19850

JP Morgan Chase Bank N.A.
Bankruptcy Mail Intake Team
700 Kansas Lane, Floor 01
Monroe, LA 71203-4774

Naviant
123 Justison St., 3rd Floor
Wilmington, DE 19801-5363

Physicians Immediate Care
PO Box 8799
Carol Stream, IL 60197-8799

Quest Diagnostics
PO Box 9000
South Windsor, CT 06074-9000

Schiller DuCanto & Fleck
321 N. Clark St., Suite 1200
Chicago, IL 60654-4758

Chicago Title Land Trust Company
t/u/t no. 02-364
10 S. LaSalle Street, Suite 2750
Chicago, IL 60603

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

In re:

PATRICIA C. PALOUMPIS,

Debtor.

Chapter 7
Case No. 22-09680
**Hearing:** October 12, 2022, 9:00 a.m.
Hon. Timothy A. Barnes

_____

**BYLINE BANK'S**
**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

Byline Bank ("Byline") is entitled to relief from the automatic stay imposed by Section 362(a) on two bases: (i) for cause, pursuant to Section 362(d)(1); and (ii) because the Debtor has no equity in the Property (as defined below) and such property is not necessary for the Debtor's effective reorganization, pursuant to Section 362(d)(2).

**SUMMARY OF FACTS**

Patricia C. Paloumpis ("Debtor"), Edward J. Beyer (the "Edward") and Beyer Chiropractic Clinic, SC ("Beyer Chiropractic") entered into a Business Loan Agreement dated February 13, 2015, with Ridgestone Bank ("Ridgestone") through which Ridgestone made a loan in the principal amount of $600,000 (the "Loan," copy attached as Exhibit A). The Loan is evidenced by a U.S. Small Business Administration Note dated February 13, 2015 made by the Debtor, Edward and Beyer Chiropractic in favor of Ridgestone (the "Note," copy attached as Exhibit B).

To secure repayment of the Note, Chicago Title Land Trust Company, as successor trustee under a Trust Agreement dated September 18, 2002 and known as Trust No. 02-364 (the "Trust") executed a Mortgage, Security Agreement, Assignment of Leases and Rents, and Fixture Filing dated February 13, 2015 (the "Mortgage," copy attached as Exhibit C), granting Ridgestone a

1

mortgage in commercial real property located at 17021-17025 S. Harlem Avenue, Tinley Park, Illinois (the "Real Property").

The Trust is the legal owner of the Real Property and the Debtor, along with Edward, has a beneficial ownership interest in the Trust.

As further security for repayment of the Note, the Debtor executed a Security Agreement dated February 13, 2015 (the "Security Agreement," copy attached as <u>Exhibit D</u>), granting Ridgestone security interests in all Equipment, Fixtures, Inventory, Goods, Accounts, Instruments, Chattel Paper and General Intangibles (the "Personal Property," and together with the Real Property, the "Property") the Debtor uses in the operation of the chiropractic practice of Beyer Chiropractic. Ridgestone properly perfected its security interest in the Personal Property by filing a UCC-1 Financing Statement with the Illinois Secretary of State (the "Financing Statement," copy attached as <u>Exhibit E</u>).

Beyer Chiropractic also filed a chapter 7 petition on November 22, 2021, commencing Case No. 21-13302. On December 21, 2021, Beyer Chiropractic's bankruptcy case was dismissed.

Edward also filed a chapter 7 petition on November 22, 2021, commencing Case No. 21-13301. On February 7, 2022, Byline was granted relief from the automatic stay in Edward's bankruptcy case to pursue its non-bankruptcy remedies with respect to the Real Property.

On or about October 14, 2016, Ridgestone merged and became part of Byline. Upon the merger, Byline became the successor in interest, owner and holder of the Loan, Note, Mortgage, Security Agreement, and Financing Statement.

As of the Petition Date, August 25, 2022, the Debtor, Edward and Beyer Chiropractic are indebted to Byline for the outstanding balance of the Loan in the amount of $566,738.22, with

2

interest, fees, real property taxes escrow obligations, insurance obligations and other monetary obligations continuing to accrue prior to and after the Petition Date (the "Debt").

## DISCUSSION

Section 362(d) states, in pertinent part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –
>
> > (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; [or]
> >
> > (2) with respect to a stay of an act against property under subsection (a) of this section, if –
> >
> > > (A) the debtor does not have an equity in such property; and
> > >
> > > (B) such property is not necessary to an effective reorganization[.]

11 U.S.C. § 362(d).

Byline is entitled to relief from the automatic stay under both Section 362(d)(1) and Section 362(d)(2) even though Byline is required to demonstrate its entitlement under only one of those subsections. *In re Pelham Enterprises, Inc.*, 376 B.R. 684, 689 (Bankr. N.D.Ill. 2007) ("Thus, § 362(d) provides two grounds under which relief from the automatic stay may be granted.").

A.   Section 362(d)(1) of the Bankruptcy Code

Section 362(d)(1) provides that a party in interest may be granted relief from the automatic stay "for cause, including the lack of adequate protection." Section 361 provides that when adequate protection is required under Section 362, such adequate protection may be provided by: (i) requiring the trustee to make a cash payment or periodic cash payment; (ii) providing additional or replacement lien; or (iii) granting the indubitable equivalent of the creditor's interest in the property. 11 U.S.C. § 361. Neither the chapter 7 Trustee or the Debtor have provided Byline with

3

any of the forms of adequate protection enumerated in Section 361 and neither have the means to do so.

First, the only non-exempt property that the Debtor discloses in her Bankruptcy Schedules (Docket #1; Docket #9) is her interest in an automobile, her interest in Vibe Yoga Rooms, and certain other personal property. The Debtor admits that she has little to no equity in this non-exempt property. In her Amended Schedules A/B (Docket #9), the Debtor lists her beneficial interest in the Trust that holds title to the Real Property, but values said interest at $0. Second, in her Chapter 7 Statement of Your Current Monthly Income (Docket #5), the Debtor discloses that she has $0 income. In her Schedules, the Debtor discloses that she has recent income from employment as a digital marketing manager, with minimal monthly net income and rent that is expected to increase. Third, on her Statement of Intention for Individuals Filing Under Chapter 7 (Docket #1), the Debtor does not list the Real Property or her beneficial interest in the Trust holding title to the Real Property. Finally, the Notice of Chapter 7 Bankruptcy Case – No Proof of Claim Deadline (Docket #7), indicates that no deadline has been set for creditors to file proofs of claim in this bankruptcy case. On September 22, 2022, the Trustee filed a Report of No Distribution (Docket #11). Taken together, all of these bankruptcy filings show that neither the Trustee nor the Debtor have the means to provide any form of adequate protection to Byline and therefore, Byline is entitled to relief from the automatic stay to exercise its rights in the Property. Counsel for Byline has spoken to the Trustee and counsel for the Debtor and neither party has an objection to this Motion.

B. <u>Section 362(d)(2) of the Bankruptcy Code</u>

Section 362(d)(2) provides that relief from the automatic stay will be granted as to a party's interest in property if: "(A) the debtor does not have an equity in such property, and (B) such property is not necessary to an effective reorganization." 11 U.S.C. § 362(d)(2).

Prior to the Petition Date, Byline caused appraisals to be conducted for the Property. These appraisals show that the forced liquidation value of the Personal Property is $19,450 ($9,727 net value) and the value of the Real Property is $345,000, for an aggregate value of $364,450, which is far less than the Debt of $566,738.22. (Copies of the appraisals are attached as <u>Group Exhibit F</u>). Further, the Debtor values her beneficial interest in the Trust holding title to the Real Property as $0, thereby admitting that she has no equity in the Real Property.

Because Byline has demonstrated that the Debtor has no equity in the Property, Byline is entitled to relief from the automatic stay unless the Debtor or the Trustee (whomever might oppose this Motion) can demonstrate that the Property is necessary for an effective reorganization. 11 U.S.C. § 362(g) ("In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section – (1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in the property; and (2) the party opposing such relief has the burden of proof on all other issues."). See also, *In re Vitreous Steel Prod. Co.*, 911 F.2d 1223, 1232 (7th Cir. 1990).

Because this is a chapter 7 case, there will be no reorganization and the Debtor (or any party opposing this Motion) will be unable to prove that the Property is necessary for an effective reorganization. *Vitreous Steel*, 911 F.2d at 1232 (Court stated that because the subject case was one under chapter 7 there could be no reorganization and the only issue to be determined was whether there was equity in the property); *In re Midway Airlines, Inc.*, 167 B.R. 880, 883 (Bankr.

N.D.Ill. 1994).  Therefore, the Property is not necessary for an effective reorganization and Byline is entitled to relief from the automatic stay.

## CONCLUSION

For the reasons stated above, Byline respectively requests that this Court enter an Order lifting the automatic stay, waiving the 14 day stay of enforcement of this Order provided by Federal Rule of Bankruptcy Procedure 4001(a)(3), and for such other and further relief as this Court deems to be appropriate and equitable.

**BYLINE BANK**

Dated: September 28, 2022            By: /s/ Andrew H. Eres
                                                          One of Its Attorneys

Andrew H. Eres (ARDC 6237032)
aeres@dickinson-wright.com
Dickinson Wright PLLC
55 West Monroe Street, Suite 1200
Chicago, Illinois 60603
(312) 377-7891